UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAZELL D. WADE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-00859-JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Lazell D. Wade's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Respondent United States of America has responded (Doc. 5), and Movant has replied. (Doc. 6). For the reasons discussed below, the motion will be denied.

**I.      BACKGROUND**

On July 1, 2019, Movant signed a guilty plea agreement admitting knowing violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. *United States v. Wade*, 4:19-CR-136-JAR, Doc. 29 (hereinafter "*Wade Criminal Case*"). The plea agreement states that on November 16, 2018, St. Louis Metropolitan Police Department ("SLMPD") officers on routine patrol stopped Movant's vehicle following a traffic violation. The officers learned that Movant had a prior felony and asked Movant if he had any firearms in the car. Movant advised that he had a firearm under the driver's seat, which officers recovered when searching the car. On October 11, 2019, consistent with the parties' plea agreement, this Court sentenced Movant to 15 months' imprisonment and two years of supervised release, such sentence to run consecutively to any

1

supervised release revocation in Missouri state court. *Wade Criminal Case*, Doc. 43. This sentence was a substantial downward variance. *Wade Criminal Case*, Doc. 44.[1]

On June 25, 2020, Movant timely filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). This Court will construe Movant's filings liberally given his pro se status. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Movant brings the following grounds for relief:

> *Ground One (Ineffective Assistance – Motion to Suppress)*: Movant claims that his counsel ("Counsel") rendered ineffective assistance by failing to move to suppress evidence of the firearm recovered during the traffic stop.
>
> *Ground Two (Ineffective Assistance – Failure to Investigate)*: Movant claims that Counsel rendered ineffective assistance by failing to investigate whether the officers lied regarding Movant's consent to search the car.

## II.     LEGAL STANDARDS

<u>28 U.S.C. § 2255</u>

A § 2255 movant is entitled to relief when his or her sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is

---

[1] Movant was released from custody on January 20, 2021 and has since been under supervised release. *Wade Criminal Case*, Doc. 52. Because Movant challenges the validity of his conviction, this Court presumes the existence of collateral consequences and finds this case is not moot. *O'Neil v. United States*, 966 F.3d 764, 770 n.4 (8th Cir. 2020) ("O'Neil's ineffective-assistance-of-counsel claims regarding the search warrant and motions to suppress turn on the validity of his conviction, not the validity of his sentence. Therefore, we presume that those claims bore collateral consequences and are not mooted by his release."); *see also Leonard v. Nix*, 55 F.3d 370, 373 (8th Cir. 1995) ("Collateral consequences are presumed to stem from a criminal conviction even after release.").

inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

<u>Ineffective Assistance of Counsel</u>

In both grounds for relief, Movant alleges that Counsel rendered ineffective assistance in violation of the Sixth Amendment to the United States Constitution. To prove ineffective assistance, Movant must show that Counsel's performance was objectively unreasonable and that Movant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). It is Movant's "burden to overcome the strong presumption that counsel's actions constituted objectively reasonable strategy under the circumstances." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (citation omitted). To show prejudice, Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693).

Because Movant pled guilty, moreover, in order to show prejudice he must demonstrate a "reasonable probability that, but for [C]ounsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A reasonable probability is "a probability sufficient to undermine confidence in the outcome," or a "substantial, not just conceivable likelihood of a different result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). Courts "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his

3

attorney's deficiencies." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). In assessing whether Movant would have proceeded to trial but for Counsel's supposed deficiencies, this Court recognizes that "representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceeding." *Nguyen v. United States*, 699, 703 (8th Cir. 1997) (internal quotations omitted). Finally, because Movant pled guilty, he may only succeed on his ineffective assistance claim if he can demonstrate that Counsel's ineffective assistance rendered his guilty plea involuntary. *See United States v. Davis*, 230 F.3d 1364 (8th Cir. 2000) (per curiam) ("Davis is bound by his plea and resulting conviction unless he can show that his attorney's ineffective assistance rendered his plea involuntary.").

**III.   ANALYSIS**

<u>Ground One: Ineffective Assistance – Motion to Suppress</u>

In his first ground for relief, Movant claims that Counsel rendered ineffective assistance by failing to file a motion to suppress evidence recovered from the traffic stop. Movant contends that the officers had no reasonable suspicion to believe a gun was hidden under the seat and did not obtain Movant's consent for the search. (Doc. 1 at 11-16). Movant has filed an affidavit stating that he informed Counsel he did not consent to the search and requested a suppression hearing, but Counsel advised that he "would get a better deal if [he] took a guilty plea instead of going to trial." (*Id.* at 22-23). The United States responds that Counsel's guidance was neither objectively unreasonable nor prejudicial, especially given Movant's sworn statements in open court affirming the facts as presented by the prosecution. (Doc. 5 at 10-14).

Counsel initially obtained an extension of time to file pretrial motions. *Wade Criminal Case*, Doc. 21. Subsequently, on May 24, 2019, Counsel filed a Waiver of Pretrial Motions indicating that Movant "having been fully advised of his right to file pretrial motions and to have

4

an evidentiary hearing *states that there are no issues he wishes to raise by way of pre-trial motions*. Counsel has personally discussed this matter with the [Movant] and the [Movant] agrees there are no issues to raise by way of pretrial motions." *Wade Criminal Case*, Doc. 22 at 1 (emphasis added). Magistrate Judge Bodenhausen accepted this waiver and set a trial date. *Wade Criminal Case*, Doc. 23.

Following this waiver, on July 1, 2019, Movant signed the guilty plea agreement in which he waived all rights to appeal "any issues relating to pretrial motions." *Wade Criminal Case*, Doc. 29 at § 7(a)(1). In addition, Movant admitted that the officers "conducted a lawful search of the vehicle and recovered a loaded 9mm semi-automatic pistol" after Movant "advised that he had a gun under the seat." *Id.* at § 4. At the plea hearing, this Court specifically informed Movant of his right to plead not guilty and "file pretrial motions in the case," including regarding "the seizure of any evidence." *Wade Criminal Case*, Doc. 48 at 9. Movant affirmed that he understood and had decided to waive his right to file any pretrial motions. *Id.* at 10. The following exchange also took place during the plea hearing:

> Court: [G]enerally, have you had enough time to talk to [Counsel] about the case?
>
> Movant: Yes, sir.
>
> Court: Has he answered all of your questions?
>
> Movant: Yes.
>
> Court: Has he done everything you have asked him to do in the case?
>
> Movant: Yes.
>
> Court: Do you believe you have been fully advised as to all aspects of the case, including your legal rights, and the possible consequences of your plea of guilty here today?
>
> Movant: Yes, I have no complaints. *Id.* at 6-7.

5

The Court proceeded to request that the United States outline the evidence it would prove at trial and asked Movant to "listen carefully to this." *Id.* at 15-16. The Assistant United States Attorney described the facts underlying this case and noted that Movant admitted he had a firearm in the vehicle during the traffic stop. *Id.* at 16. Movant confirmed that the facts as outlined by the prosecution were "true and correct in that [he] did those things." *Id.* at 16-17. On October 11, 2019, Movant appeared before this Court again for sentencing. Movant repeated that he was "satisfied with [Counsel's] services." *Wade Criminal Case*, Doc. 50 at 5. Movant also affirmed the accuracy of the final presentence investigation report, absent one objection not relevant here. *Id.* at 6-7. The final presentence investigation report provides that Movant "informed the officers the firearm was located under the driver's seat." *Wade Criminal Case*, Doc. 37 at ¶ 12.

In his habeas petition, Movant argues that he neither informed the officers he had a firearm nor consented to the search. Between the guilty plea agreement, plea hearing, and sentencing, however, Movant has admitted at least three times that he informed the officers he had a firearm in the car. Such consistent representations carry a strong presumption of verity and cannot be overcome by post hoc conflicting assertions unsupported by any evidence.

It was not objectively unreasonable for Counsel to advise Movant to accept a plea offer considering the evidence and willingness of the prosecution to recommend a substantial downward variance. This Court must begin with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 687. It was reasonable for Counsel to recommend that Movant accept the plea offer rather than proceed to trial. Movant has also failed to demonstrate prejudice, as he has never specifically indicated that he would have proceeded to trial but for Counsel's alleged deficiencies. *See Hill*, 474 U.S. at 60 ("Petitioner did not allege in his habeas petition . . . he would have pleaded not guilty and insisted on going to trial" but for counsel's errors). Finally, considering Movant's consistent admissions

6

that he informed the officers he had a firearm under the seat, any motion to suppress would have been meritless. *See Sittner v. Bowersox*, 969 F.3d 846, 853 (8th Cir. 2020) ("Failure to raise a meritless objection cannot support a claim of ineffective assistance."). Therefore, Movant's first ground for relief fails as a matter of law.

Ground Two: Ineffective Assistance – Failure to Investigate

In his second ground for relief, Movant argues that Counsel was "ineffective for failing to object to the police officer's false statement that [Movant] consented that he had a gun under the seat." (Doc. 1 at 17).[2] Movant claims that Counsel failed to reasonably investigate the veracity of the officer's statement. This Court acknowledges that counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. The reasonableness of Counsel's decisions, moreover, "may be determined or substantially influenced by the defendant's own statements or actions." *Id*.

As discussed above, Movant has repeatedly stated, including in sworn testimony before this Court, that he informed the officers he possessed a gun and consented to the search. Even if this Court accepted as true Movant's allegation that he informed Counsel the officer was lying, such "contradictory evidence does not rule out the plea agreement as a reasonable strategic choice – especially when great deference is given to that choice." *Williams v. United States*, No. 4:19-CV-2394-RWS, 2020 WL 6196319, at *4 (E.D. Mo. Oct. 22, 2020). Faced with the recovery of a firearm in his client's car following an allegedly consensual search, this Court cannot conclude that Counsel acted objectively unreasonably by recommending a plea agreement which proposed a substantial downward variance. *See Riley v. United States*, No. 4:13-CV-2386-JAR, 2017 WL

---

[2] Movant also argues that Counsel should have requested a *Franks* hearing. As Respondent notes, a *Franks* hearing is only applicable when a defendant claims a search warrant was obtained based on false statements. *See Franks v. Delaware*, 438 U.S. 154 (1978). There was no search warrant in this case.

7

1187546, at *3 (E.D. Mo. Mar. 29, 2017) ("[I]n light of the overwhelming evidence of Movant's guilt, it was a reasonable strategy for defense counsel to advise Movant to plead guilty . . . in exchange for[] the Government's agreement . . . to seek a downward variance."). Even if Counsel had investigated the police officer's statement, moreover, there is not a reasonable probability that Movant would have declined to plead guilty and instead proceeded to trial considering his sworn statements before this Court. *See United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014).

IV.     **EVIDENTIARY HEARING**

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). No evidentiary hearing is required here because Movant's sworn statements affirmatively refute the factual assertions upon which his motion is based. *See Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (Affirm district court's decision to deny an evidentiary hearing where the court "conclude that although [movant] and his counsel technically presented different facts in their affidavits, [movant's] affidavit could not be accepted as true, because it was contracted by his own statements at the change-of-plea and sentencing hearings."); *Henderson v. United States*, No. 4:07-CV-1157 CDP, 2009 WL 1605781, at *1 (E.D. Mo. June 8, 2009) (Denying evidentiary hearing because movant "cannot contradict sworn statements he made previously."). Because the records conclusively show that Movant is not entitled to relief as a matter of law since he has failed to meet the *Strickland* requirements, this Court will not hold an evidentiary hearing.

8

## V. CONCLUSION

It remains undisputed that Movant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) after SLMPD officers conducted a traffic stop and located a gun under the driver's seat of Movant's vehicle. On multiple occasions, either implicitly or explicitly, Movant has admitted that he informed the officers he possessed a gun and consented to his car being searched. Movant now seeks habeas relief on the grounds that Counsel rendered ineffective assistance by failing to (1) file a motion to suppress and (2) adequately investigate the truthfulness of the SLMPD officer's statements. Movant's claims on this motion for habeas relief squarely contradict his sworn statements before this Court. Movant has failed to demonstrate that Counsel's performance was objectively unreasonable.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Lazell D. Wade's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED and DISMISSED.** A judgment dismissing this case is filed herewith.

After due consideration, **IT IS FURTHER ORDERED** that because Movant Lazell D. Wade cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 3rd day of August, 2021.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE